UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM REY LOPEZ,<br>CDCR #J-27394,<br><br>                                              Plaintiff,<br><br>vs.<br><br>SAMUEL KO, Primary Care Physician;<br>MAJA BOYD, Nurse Practitioner,<br><br>                                              Defendants. | Case No.:  3:20-cv-2236-CAB-NLS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 4]**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL; AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Adam Rey Lopez ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1 at 1. Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a certified copy of his inmate trust account statement which the Court liberally construes to be a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).  In addition, Plaintiff has filed a Motion to Appoint Counsel.  (ECF No. 2.)

/ / /

## I.      Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S.  __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at CEN. *See* ECF No. 4 at 1-4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has carried an average monthly balance of $353.57 and has had $283.33 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint. In addition, Plaintiff had a balance of $266.57 at the time of filing. *See* ECF No. 4 at 1-4.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4) and assesses his initial partial filing fee to be $70.71 pursuant to 28 U.S.C. § 1915(b)(1). The Court will direct the Secretary of the CDCR, or her designee, to collect the initial $70.71 filing fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel pursuant to 28 U.S.C. § 1915 based on the complexity of his claims, his indigence, incarceration, limited ability to investigate, and anticipated need to propound discovery and solicit expert testimony. (*See* ECF No. 2 at 2-12.)

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to

"request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court agrees that pro se litigants may be better served with the assistance of counsel—but that is not the test. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of counsel based on claims that pro se plaintiff "may well have fared better-particularly in the realms of discovery and the securing of expert testimony."), *withdrawn in part on reh'g en banc and overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). "Concerns regarding investigation and discovery are … not exceptional factors," and while a pro se litigant "may not have vast resources or legal training," these are simply among the commonly shared "types of difficulties encountered by many pro litigants." *Wells v. Washington State Dep't of Corr*., No. C13-234 RJB/KLS, 2013 WL 4009076, at *1 (W.D. Wash. Aug. 5, 2013).

Here, nothing in Plaintiff's Complaint suggests he is incapable of articulating the factual basis for his Eighth Amendment inadequate medical care claim, which is a typical conditions of confinement claim and "relatively straightforward." *Harrington*, 785 F.3d at 1309. In fact, the Court finds, based on its initial screening of Plaintiff's Complaint under the standards of review discussed below, that he has pleaded sufficient factual content to state a plausible claim for relief.

In addition, while Plaintiff may have sufficiently *pleaded* an Eighth Amendment deliberate indifference claim at this preliminary stage of the proceedings,  he has yet to demonstrate and it is too soon to tell whether there is a likelihood of success on the merits. *Harrington*, 785 F.3d at 1309; *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir.

2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits).

Therefore, the Court finds no "exceptional circumstances" exist at this preliminary stage of the case and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 2) without prejudice on that basis.

**III.   Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.   <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

C.   Eighth Amendment claims

The Court finds Plaintiff's Complaint contains plausible Eighth Amendment claims sufficient to survive the "low threshold" set to withstand the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Iqbal*, 556 U.S. at 678; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.")  Therefore, the Court will order the U.S. Marshal to effect service upon Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a

defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

**III.    Conclusion and Orders**

Based on the foregoing, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

2.    **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.    **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 2) without prejudice.

5.    **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for these Defendants. In addition, the Clerk will provide Plaintiff with certified copies of this Order, certified copies of his Complaint (ECF No. 1), and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6.    **ORDERS** the U.S. Marshal to serve a copy of the Complaint (ECF No. 1), and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided

to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7.    **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

8.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  November 23, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:20-cv-2236-CAB-NLS