UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM REY LOPEZ, | Case No.: 20cv2236-CAB (NLS) |
| Plaintiff, | |
| v. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT MEDICAL EXPERT** |
| SAMUEL KO; MAJA BOYD, | |
| Defendants. | **[ECF No. 8]** |

Before the Court is Plaintiff's motion requesting appointment of a medical expert. ECF No. 8. Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action against Defendants under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment for deliberate medical indifference for failing to provide adequate treatment for his wrist injury. ECF No. 1. In his motion, Plaintiff requests that the Court appoint a medical expert because he claims the case will necessarily involve issues with conflicting medical evidence and testimony. ECF No. 8 at 2.

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed. R. Evid. 702. A court has full discretion to appoint an expert witness either by its own motion or by a party's motion. Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Appointment of an expert witness may generally be appropriate when "scientific,

technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." *Levi v. Dir. of Corr.*, 2006 U.S. Dist. LEXIS 18795, *2, 2006 WL 845733 (E.D.Cal. 2006) (citation omitted).  However, "appointment of an independent expert under Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice." *McCoy v. Stronach*, No. 112CV000983AWISABPC, 2020 WL 6075651, at *2 (E.D. Cal. Oct. 15, 2020) (citation omitted).  Moreover, Rule 706 does not contemplate court appointment and compensation of an expert witness to act as an advocate for a party.  *See Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010).

As a preliminary matter, the Court notes that it construes this motion to request appointment of a neutral expert witness to aid the Court in understanding any technical issues that may arise, as that is all that is permitted under Rule 706.  *Gamez*, 2010 WL 2228427, at *1.  A request for such an appointment is premature at this juncture. Defendants only answered the complaint a week ago on February 16, 2021 and the Court just issued a scheduling order.  No discovery has taken place, and there are no pending motions that require the Court to adjudicate any issues.  *See Gorton v. Todd*, 793 F. Supp. 2d 1171, 1181 (E.D. Cal. 2011) (A neutral expert witness may be necessary where there is "some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony."); *McCoy*, 2020 WL 6075651, at *2 (denying motion to appoint medical expert where there is no pending motion for summary judgment); *Vanderbusch v. Chokatos*, No. 113CV01422LJOEPGPC, 2017 WL 4574121, at *2 (E.D. Cal. Oct. 13, 2017) (same); *Estrada v. Rowe*, No. C 08-2801 MMC PR, 2011 WL 249453, at *5 (N.D. Cal. Jan. 25, 2011); *Saldana v. Sayre*, No. C 11-3921 LHK PR, 2013 WL 56704, at *1 (N.D. Cal. Jan. 3, 2013) (same); *Bruister v. Asuncion*, No. CV1705106PSGRAO, 2018 WL 5903908, at *2 (C.D. Cal. May 30, 2018) (denying motion where case is still at the pleading stage).

//

//

Accordingly, Plaintiff's motion to appoint a medical expert is **DENIED WITHOUT PREJUDICE** at this time.

**IT IS SO ORDERED.**

Dated:  March 26, 2021

Hon. Nita L. Stormes
United States Magistrate Judge

20cv2236-CAB (NLS)