UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM REY LOPEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>SAMUEL KO; MAJA BOYD,<br><br>                              Defendants. | Case No.:  3:20-cv-2236-CAB (NLS)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 20]** |

     Before the Court is Plaintiff's motion for appointment of counsel.  ECF No. 20.  Plaintiff is a prisoner, proceeding *pro se* and *in forma pauperis*, and has filed a civil complaint alleging civil rights violations.  ECF No. 1.  Plaintiff was previously denied counsel.  ECF No. 5.  Plaintiff now seeks appointment of counsel specifically for discovery.

     "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989).  But they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  "A finding of

exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

     As to the merits of this case, Plaintiff does not provide any statement or reasoning as to why his claims are meritorious.  Therefore, Plaintiff fails to satisfy the first factor of the *Wilborn* test.  At this time, the case is still in early stages, as discovery has not been completed.  When the parties have not yet completed discovery and have not presented evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits of his claims.  *See Garcia v. Smith*, No. 10-cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment).  Without any additional evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

     As to the ability of Plaintiff to articulate his claims, Plaintiff relies on the complexity of discovery required.  ECF No. 20 at 1-2.  The legal claims in this case are not particularly complex.  As mentioned previously, Plaintiff's claim is a typical conditions of confinement claim, which is "relatively straightforward." *Harrington*, 785 F.3d at 1309.  Plaintiff has been able to clearly articulate and understand his claims, as evidenced by his complaint and multiple motions to appoint counsel. Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Thus, the Court finds that Plaintiff is sufficiently able to articulate his claims *pro se*, given the complexity of the issues involved.

     Plaintiff also states that his "lack of education as well as legal training and/or experience hinders his ability to comprehend and/or perform discovery." ECF No. 20 at 2. Plaintiff does not specify his level of education, only that he does not have legal training. Indeed, in many cases *pro se* plaintiffs do not have legal training. However, that is not the standard for appointment of counsel. Limited education is not sufficient to meet exceptional circumstances. See, e.g., *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to a law library and lacked a legal education); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel."). Since lack of legal training is not the appropriate standard, the second *Wilborn* factor is not satisfied.

     Plaintiff also cites to several cases that he claims support his argument for appointment of counsel. All of these cases are out- of-circuit authority and not controlling. The first case is *Tabron v. Grace,* 6 F.3d 147, 150 (3rd Cir. 1993). Plaintiff claims *Tabron* holds the need for discovery supports appointment of counsel. ECF No. 20 at 2. However, there the court more specifically states "where the claims are likely to require *extensive discovery and compliance with complex discovery rules*, appointment of counsel may be warranted." *Tabron*, 6. F.3d at 156. Plaintiff contends that discovery in this case will include depositions and medical opinions by experts. ECF No. 20 at 2. However, at this juncture, it is at best uncertain whether such discovery is necessary. The court has previously denied Plaintiff's motion to appoint a medical expert. ECF No. 18. Since it is still very early in the case and the complexity of discovery is as yet unknown, the court is not persuaded by *Tabron*. Plaintiff also argues that *Parham v. Johnson* shows that a lack of legal experience and complex discovery warrants appointment of counsel. ECF No. 20 at 2 (citing *Parham v. Johnson*, 126 F.3d 454, 459 (3rd Cir. 1997)). As discussed above, the standard here is not whether Plaintiff has legal training. Nor does it

1 | appear that at present discovery is so complex as to support appointment of counsel.
2 | Therefore, *Parham*, like *Tabron,* is not persuasive.  Plaintiff also points to *Montgomery v.*
3 | *Pinchak*, but that case relies on *Parham*, which is not persuasive.  *Montgomery v.*
4 | *Pinchak*, 294 F.3d 492, 501-502 (3rd Cir. 2002).  Additionally, the court in *Montgomery*
5 | refers to multiple obstacles the Plaintiff there encountered during discovery.  *Id*.  As yet,
6 | such obstacles have not arisen here.  Therefore, *Montgomery* is similarly unpersuasive.
7 | Finally, Plaintiff cites *Hendricks v. Coughlin*, which notes the importance of taking
8 | depositions rather than just taking written discovery.  ECF No. 20 at 2 (citing *Hendricks*
9 | *v. Coughlin*, 114 F.3d 390, 394 (2nd Cir. 1997)).  While depositions can be an important
10 | discovery tool, plaintiff has not shown why written interrogatories would be insufficient
11 | here. Therefore, the court is not persuaded by *Hendricks*.

For the foregoing reasons, the Court thus does not find the "exceptional circumstances" required for appointment of counsel under 28 U.S.C. § 1915(e)(1) to be satisfied at this time.  Accordingly, Plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

Dated:  April 30, 2021

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge